IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:24-cv-00088-MR

ALBERT ANDERSON,                )
                                )
            Plaintiff,          )
                                )
vs.                             )
                                )
FOOTHILLS CORRECTIONAL          )
INSTITUTION, et al.,            )           **ORDER**
                                )
            Defendants.         )
_____ )

**THIS MATTER** is before the Court on initial review of the pro se Complaint [Doc. 1]. The Plaintiff is proceeding in forma pauperis. [Doc. 6].

## I. BACKGROUND

The incarcerated Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Foothills Correctional Institution.[1] [Doc. 1]. The Plaintiff names as a Defendants the Foothills CI and fifteen Foothills officials, including Wardens Doug Newton and FNU Reep. The Plaintiff raises claims regarding several different alleged

---

[1] The Plaintiff's address of record with the Court in this case is at the Marion Correctional Institution. However, he has recently changed his address in several other pending actions in this Court to the Alexander Correctional Institution. The Plaintiff is reminded that it his responsibility to keep the Court apprised of his current address at all times in each of his cases, and that the failure to do so may result in the dismissal of this action for lack of prosecution.

events and incidents, some of which appear wholly unrelated to one another, including: a plumbing issue that resulted in sanitation concerns; a "no carrot diet" that caused an uncontrollable bowel movement; destruction of property including legal mail that deprived him of access to the courts; placement on suicide watch; retaliatory uses of excessive force; and an interrupted attorney phone call.

For injury, the Plaintiff claims:

> Plaintiff is in so much pain and hasn't be releaved at any moment by this Court or any Court for what has happened to I the Plaintiff and it is becoming noticeable to America and to I the Plaintiff's Family in other states this is imbaressing if the United States would compare Plaintiff Photo's/mug shots together the Plaintiff has been tormented with no concern from Judges humiliation embarrassment in regard to his federal right 1983.

[Id. at 5] (errors uncorrected). He seeks: $7 million in compensatory, punitive and nominal damages "consistent with the Plaintiff's original Complaint";[2] "immediate general relief"; "a lifetime regular canteen and phone privilege"; permanent placement at a minimum custody facility; for the Court to "inform

---

[2] The Plaintiff fails to identify the "original Complaint" to which he refers and, to the extent that he is attempting to incorporate by reference a pleading from another case, such is improper. See 5A Fed. Prac. & Proc. Civ. § 1326 ("Although Rule 10(c) is not expressly limited to pleadings in the same action, it has been held that allegations in pleadings in another action, even if between the same parties, cannot be incorporated by reference."). Moreover, the Plaintiff has been informed repeatedly in other actions that "[p]iecemeal amendment will not be permitted." [1:23-cv-362, Doc. 12 at 5; see 1:23-cv-108, Doc. 14 at 8 (same)].

[his] mom … that [he] won [his] deprivation case"; and the immediate release from custody.[3] [Doc. 1 at 5, 25].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a

---

[3] A claim for the release from custody is not cognizable in this § 1983 action. See generally Preiser v. Rodriguez, 411 U.S. 475 (1973) (an application seeking release from custody is an application for habeas corpus and is not an available remedy under the Civil Rights Act); 28 U.S.C. § 2254. If the Plaintiff seeks his release from custody, he must do so in a separate action. The Court makes no determinations about the potential merit or procedural viability of such an action.

district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166 (2023).

A plaintiff may not assert unrelated claims against unrelated defendants in a single action. See Fed. R. Civ. P. 18(a), 20(a)(2); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (noting that "[u]nrelated claims against different defendants belong in different suits," to prevent prisoners from dodging the fee payment or three-strikes provisions in the Prison Litigation Reform Act). "For example, Plaintiff may not pursue claims of retaliation involving one set of defendants while simultaneously pursuing claims for deliberate indifference to serious medical needs against another set of defendants." Thomas v. Davey, No. 1:16cv925, 2017 WL 2691824, at *2 (E.D. Cal. June 22, 2017). A plaintiff may only bring a claim against

4

multiple defendants when (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences; and (2) there are common questions of law or fact. Fed. R. Civ. P. 20(a)(2). Here, Plaintiff brings multiple unrelated claims against unrelated defendants. These may not be litigated in the same action. The Court cannot and will not blindly select which related set of facts and Defendants that the Plaintiff might want to pursue in this action. See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985) (the courts are not required to be "mind readers" or "advocates" for incarcerated or pro se litigants.). At this stage, the Court similarly declines to parse through the Plaintiff's allegations and address other deficiencies in the Plaintiff's Complaint.

The Court notes that the Plaintiff has recently filed several § 1983 actions in this Court that are scattershot, frivolous, and/or duplicative. See, e.g., Anderson v. Reep, No. 1:23-cv-362-RJC, 2024 WL 1633868 (W.D.N.C. Feb. 1, 2024) (dismissing the complaint on initial review as scattershot, then dismissing the case for lack of prosecution when Plaintiff failed to amend), *appeal filed* April 11, 2024; Anderson v. Goodsum, No. 1:23-cv-108-MOC, 2023 WL 5516309 (W.D.N.C. Aug. 25, 2023) (dismissing the complaint on initial review on grounds including frivolity), appeal filed Nov. 1, 2023; Anderson v. Dye, No. 5:21-cv-168-MR, 2022 WL 1213619 (W.D.N.C. April

5

23, 2022) (dismissing the action as frivolous); <u>Anderson v. McMillian</u>, 5:24-cv-81-KDB (dismissing the action as duplicative).

**<u>The Plaintiff is cautioned that any further frivolous, duplicative, or otherwise abusive filings in this Court may result in the imposition of sanctions including a prefiling injunction.</u>**

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that the Plaintiff's Complaint fails initial review and will be dismissed without prejudice. The Court will allow the Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted, in accordance with the terms of this Order. Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should the Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without further notice.

## <u>ORDER</u>

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint [Doc. 1] is **DISMISSED WITHOUT PREJUDICE**.

2. The Plaintiff shall have **thirty (30) days** in which to amend his Complaint in accordance with the terms of this Order. If the

6

Case 1:24-cv-00088-MR   Document 8   Filed 04/30/24   Page 6 of 7

Plaintiff fails to so amend his Complaint, this case will be dismissed and closed without further notice.

3. The Plaintiff is cautioned that any further frivolous, duplicative, or otherwise abusive filings in this Court may result in the imposition of sanctions including a prefiling injunction.

The Clerk is respectfully instructed to mail a blank § 1983 complaint form, a blank § 2254 form, and a copy of this Order to the Plaintiff at his address of record, as well as to him at the Alexander Correctional Institution, 633 Old Landfill Road, Taylorsville, NC 28681.

**IT IS SO ORDERED.**

Signed: April 30, 2024

Martin Reidinger
Chief United States District Judge